**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Rico A. Contino

    v.                                    Civil No. 09-cv-009-PB

Unknown Nashua Police Officer #1, et al.

**O R D E R**

Before the Court is Rico Contino's complaint (document nos. 1, 3 & 5)[1], filed pursuant to 42 U.S.C. § 1983, alleging that his rights have been violated by numerous police officers, state court personnel, attorneys, and jail officials. The matter comes before me for preliminary review to determine, among other things, whether or not Contino states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d).

Section 1983 Claims

For the reasons explained in a Report and Recommendation issued simultaneously with this Order, I direct service of the

---

[1] Contino filed his original complaint on January 14, 2009. He then filed addenda to the complaint on January 21, 2009 (document no. 3) and February 13, 2009 (document no. 5). I will accept all three documents, in the aggregate, as the complaint in this matter for all purposes.

inadequate mental health and medical care claims against the HCHC physician, Dr. Charles Ward.[2]  My review of the file indicates that Contino has not yet prepared a summons form for Ward.  I direct the Clerk's Office to complete a summons form for Dr. Charles Ward, at 43 North Fruit Street, Concord, New Hampshire.  The Clerk's office shall then issue the summons against defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and copies of the complaint (document no. 1, 3 & 5), the Report and Recommendation, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon Defendant.  See Fed. R. Civ. P. 4(c)(2).

Defendant is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Contino is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

---

[2]In my Report and Recommendation, issued this date, I recommend dismissal of all of the other claims and defendants from this action.

<u>Habeas Claims</u>

In his § 1983 complaint, Contino includes a request for a petition for a writ of habeas corpus. As explained in the Report and Recommendation, the Clerk's office is directed to open a new § 2254 habeas case and to docket Contino's complaint (document nos. 1, 3 & 5) as the petition in the new case, to be entitled <u>Rico A. Contino v. James O'Mara, Superintendent, Hillsborough County House of Corrections</u>. The Clerk's office may also rely on Contino's motion to proceed in forma pauperis (document no. 4), and my previous grant of that motion in waiving the filing fee in the new case. Once the case is opened, the matter should be forwarded to me for preliminary review. <u>See</u> 28 U.S.C. § 1915(a); LR 4.3(d)(2); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:    February 25, 2009

1cc:     Rico A. Contino, pro se